IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONY LIFE INSURANCE | : | |
| COMPANY, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:CV-15-2109 |
| vs. | : | |
| | : | (Judge Caldwell) |
| CAROL SNYDER, f/k/a CAROL | : | |
| ECKERT, and PAMELA ECKERT, | : | |
| Defendants | : | |

*M E M O R A N D U M*

I.   *Introduction and Procedural History*

Plaintiff, MONY Life Insurance Company ("MONY"), filed this interpleader action to resolve which of the defendants is entitled to the proceeds of an insurance policy MONY issued on the life of Steve Eckert (the "Insured").  Defendants are Carol Snyder ("Snyder"), the Insured's ex-wife, and Pamela Eckert ("Eckert"), his widow.  Snyder was the named beneficiary at the time of the Insured's death.

We have before us Eckert's motion to file a second amended counterclaim against MONY and a second amended crossclaim against Snyder.  MONY opposes the motion; Snyder does not.  We thus deal here only with whether Eckert can amend her counterclaim.  Eckert does not seek to add any causes of action, just clarifying averments based on discovery that has occurred in the case so far.

As pertinent here, Eckert pled two counts in her original counterclaim against MONY: (1) a claim that MONY breached a fiduciary duty it owed the Insured; and

(2) a claim that MONY breached a contractual duty of good faith and fair dealing it owed the Insured.  After considering MONY's motion to dismiss, we decided that those claims could proceed.  *MONY Life Ins. Co. v. Snyder*, 2016 WL 1058923 (M.D. Pa. Mar. 17, 2016).  In her amended counterclaim, Eckert added a claim for bad faith under 42 Pa. Cons. Stat. Ann. § 8371.  MONY moved to dismiss that claim, and we granted the motion.  *MONY Life Ins. Co. v. Snyder*, 2016 WL 3418493 (M.D. Pa. June 22, 2016). MONY filed an answer to the amended counterclaim on August 10, 2016.

II. *Discussion*

Eckert has already filed an amended counterclaim, and MONY has filed an answer to that counterclaim.  In these circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2); Rule 15(a)(1).  "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  "[P]rejudice to the non-moving party is the touchstone for denial of an amendment."  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)(quoted case and internal quotation marks omitted); *see also Luciani v. City of Philadelphia*, 643 F. App'x 109, 111 (3d Cir. 2016)(nonprecedential)(quoting *Lorenz*).  The court may also deny leave to amend "based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *Lorenz*, 1 F.3d at 1414; *Luciani*, 643 F. App'x at 111.

-2-

In moving to file a second amended counterclaim, Eckert points out that she is not attempting to add new claims, merely to clarify allegations that would support her claims for breach of fiduciary duty and breach of the contractual duty of good faith and fair dealing.  The additional averments are set forth in paragraphs 50 through 65 of the proposed second amended counterclaim.  They are based on the depositions of the two insurance agents who met with the Insured shortly before the Insured allegedly transferred ownership of the policy to Snyder, his ex-wife.

MONY argues the motion should be denied because the two counterclaims are futile as they allege meritless claims.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)("'Futility'" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").   MONY presents two arguments.  First, the claims are meritless because they both seek only the policy proceeds, but *under Prudential Ins. Co. v. Hovis*, 553 F.3d 258 (3d Cir. 2009), counterclaims that seek only interpleaded funds must be dismissed.  Second, the damages on these claims are speculative, again because Eckert only seeks the policy proceeds, but has failed to allege that the Insured would have changed the beneficiary to his estate.

Additionally, MONY argues that the breach-of-contract claim fails because Eckert, with access to the policy through discovery, does not allege what provisions of the policy have been breached, nor has she attached the policy to her proposed pleading.  Further, MONY argues that the motion should be denied because the

allegations in the proposed second amended counterclaim contradict her deposition testimony.  Finally, since the counterclaim lacks merit, MONY requests that it be allowed to pay the proceeds into court and be discharged from the action while Snyder and Eckert litigate who is entitled to the proceeds.

In her reply brief, Eckert argues that we should not consider these arguments as her motion only requests that she be allowed to amend her pleading to provide clarifying amendments and not to raise new causes of action.  She also notes that her causes of action survived MONY's first motion to dismiss and that MONY is acting as if the parties were litigating a motion for summary judgment under Fed. R. Civ. P. 56, rather than a motion to amend a pleading.

We agree with Eckert that we should not consider MONY's arguments in the instant motion.  Since she seeks only to add clarifying allegations, we will permit her to do so.  *See Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 616 (D.N.J. 2010)(amendments that seek only to clarify causes of action will be permitted).  After Eckert files her second amended counterclaim, MONY is free to renew its arguments by any other available procedural route.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 20, 2016

-4-